To: DOUGLAS PALMER  5/6/22
FROM: JONATHAN NEIRA, JONATHAN WILLIAM NEIRA MARQUEZ
CIVIL DOCKET CASE # 2:21-CV-06747
CIVIL DOCKET CASE # 2:22-CV-02116

I would like to file and document the following attached supporting information to support the above civil docket cases on my behalf from discrimination and mal practice.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2022 ★
LONG ISLAND OFFICE

Jonathan Neira
PRO SE

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (3/2011)

Supreme COURT, COUNTY OF New York

Index No: _____ Date Index Issued: _____

**For Court Clerk Use Only:**
IAS Entry Date
Judge Assigned
RJI Date

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Kirby Forensic Psychiatric Center

Plaintiff(s)/Petitioner(s)

-against-

Jonathan Neira

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:
Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
- ○ Uncontested

NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____ (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____ (specify)
- ○ Other Negligence: _____ (specify)
- ○ Other Professional Malpractice: _____ (specify)
- ○ Other Tort: _____ (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____ (specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:** How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure

Property Address: _____
  Street Address    City    State    Zip

NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____ (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____ (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ⦿ Other Mental Hygiene: Order to Show Cause for involuntary medications. (specify)
- ○ Other Special Proceeding: _____ (specify)

## STATUS OF ACTION OR PROCEEDING:
Answer YES or NO for EVERY question AND enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ⦿ | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ⦿ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:** Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion            Relief Sought: _____   Return Date: _____
- ○ Notice of Petition          Relief Sought: _____   Return Date: _____
- ● Order to Show Cause         Relief Sought: _____   Return Date: _____
- ○ Other Ex Parte Application  Relief Sought: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:** If additional space is required, complete and attach the RJI Addendum. For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties | Attorneys | Issue Joined (Y/N) | Insurance Carrier(s) |
|---|---|---|---|---|
| ☐ | A.A.G. / Petitioner | | ○ YES / ○ NO | |
| ☐ | M.H.L.S. / Respondent | | ○ YES / ○ NO | |
| ☐ | | | ○ YES / ○ NO | |
| ☐ | | | ○ YES / ○ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 12/02/2021

_____  
ATTORNEY REGISTRATION NUMBER

_____  
SIGNATURE  
Michal Kunz, M.D., Clinical Director  
PRINT OR TYPE NAME

KFPC-36

| STATE OF NEW YORK SUPREME COURT COUNTY OF NEW YORK | AT THE EX-PARTE MOTION TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK IN AND FOR THE COUNTY OF NEW YORK AT 60 CENTRE STREET NEW YORK, NY 10007 |
|---|---|

DEC 02 2021

THE MATTER OF THE APPLICATION OF

Michal Kunz, M.D., Director of Clinical Services **ORDER TO SHOW CAUSE**

of the Kirby Forensic Psychiatric Center for an order

Authorizing the Involuntary Treatment of Neira, Jonathan

at Kirby Forensic Psychiatric Center                              Index No.
*************************************************************************

STATE OF NEW YORK
COUNTY OF NEW YORK ss:
PRESENT: HON. NANCY M. BANNON

Upon the annexed Petition of Michal Kunz, M.D., Director of Clinical Services of the Kirby Forensic Psychiatric Center, verified on 12/02/2021, the affidavits of Sidiki Dabo, M.D., sworn to on 12/01/2021 and Jennifer Zhu, M.D., sworn to on 12/01/2021 and the exhibits attached thereto, let the patient, residing at Kirby Forensic Psychiatric Center, show at an Ex-Parte Motion of the Office of the Supreme Court to be held in and for the County of New York at the Kirby Forensic Psychiatric Center, Ward's Island, New York, on DEC 08 2021 at 10:00 O'Clock in the forenoon or as soon thereafter as counsel can be heard, why an Order should not be made pursuant to Mental Hygiene Law Section 33.03, authorizing the Kirby Forensic Psychiatric Center to administer medication to said patient, against his will, as prescribed by his treating psychiatrist; and it is further

ORDER TO SHOW CAUSE - Pg. 2

Patient: Neira, Jonathan

ORDERED that service of a copy of the Order and the papers upon which it was granted upon the Mental Hygiene Legal Services at Kirby Forensic Psychiatric Center, Ward's Island, and a copy of the Order and the papers upon which it was granted, with the exception of clinical information restricted by Section 33.16 of the Mental Hygiene Law, upon the next of kin known to your petitioner,

if any:
Cynthia Neira, 280 Broadway, Apt. 201, Bethpage, NY 11714-3713.

By certified mail, on or before DEC 03 2021 shall be deemed good and sufficient service, and it is further

ORDERED that personal service of a copy of the Order and the papers upon which it was granted, with the exception of clinical information restricted by Section 33.16 of the Mental Hygiene Law, upon the said patient, on or before DEC 03 2021 shall be deemed good and sufficient service; and it is further

ORDERED that proof of service be handed upon the return date.

ENTER:

_____
JUSTICE OF SUPREME COURT

HON. NANCY M. BANNON

KFPC-37

THE MATTER OF THE APPLICATION OF

Michal Kunz, M.D., Director of Clinical Services

of the Kirby Forensic Psychiatric Center for an order       **PETITION**

Authorizing the Involuntary Treatment of **Neira, Jonathan**

at Kirby Forensic Psychiatric Center
******************************************************************
STATE OF NEW YORK
COUNTY OF NEW YORK ss:

The petition of Michal Kunz, M.D., respectfully shows:

1. That he is the Director of Clinical Services of the Kirby Forensic Psychiatric Center.

2. That as said Director of Clinical Services he has custody of the records and is responsible for the supervision of the medical treatment of said patient at Kirby Forensic Psychiatric Center.

3. That the said patient is presently suffering a mental illness, and is refusing treatment. The patient is involuntarily retained in the hospital pursuant to CPL 730.70.

4. The patient has been evaluated by **Sidiki Dabo**, M.D. Treating Physician and **Jennifer Zhu,** M.D., whose affidavits and evaluations are Reviewing Physician appended hereto.

5. That said patient is not competent and lacks capacity to make reasoned decisions concerning the requested treatment and such treatment is in the patient's best interests.

6. That all administrative appeals pursuant to 14 NYCRR Part 527 have been exhausted.

PETITION - Pg. 2
Patient: **Neira, Jonathan**

7. That on the basis of these evaluations, an Order of the court is requested to permit involuntary treatment of this patient, included but not limited to administration of:
   <u>Course of treatment recommended by treating physician:</u>
   <u>Proposed Treatments:</u>
   Antipsychotic medication: Risperidone up to 12 mg daily by mouth, Ziprasidone up to 20 mg intramuscular for each oral dose refused, and Paliperidone-Sustenna up to 234 mg intramuscular depot every four weeks if the patient repeatedly refuses to comply with oral medication.
   Phlebotomy for monitoring of treatment.

   <u>Reasonable alternatives, in the event of side effects, non-compliance, or inefficacy:</u>
   Antipsychotic medication: Risperidone-Consta up to 75 mg intramuscular depot every two weeks if the patient repeatedly refuses to comply with oral medication; or Ziprasidone up to 160 mg daily by mouth, and up to 20 mg intramuscular for each oral dose refused; or Quetiapine up to 1200 mg daily by mouth, Ziprasidone up to 20 mg intramuscular for each oral dose refused; or Haloperidol up to 30 mg daily by mouth, and up to 10 mg intramuscular for each oral dose refused, and decanoate up to 450 mg intramuscular depot every four weeks if the patient repeatedly refuses to comply with oral medication; or Fluphenazine up to 30 mg daily by mouth, and up to 10 mg intramuscular for each oral dose refused, and decanoate up to 75 mg intramuscular depot every two weeks if the patient repeatedly refuses to comply with oral medication.
   Mood stabilizer: Valproic acid up to 4000 mg daily by mouth (for a serum level of 75-150), to augment antipsychotic medication, and phlebotomy to check serum levels and other lab values as frequently as weekly during dose adjustments, then monthly.
   Clonazepam up to 4 mg daily by mouth.

8. On information and belief, the said patient will be able to attend any proceeding held in regard to this motion, however will be unable to represent himself. It is therefore requested that as part of the Order to Show Cause herein, the Mental Hygiene Legal Service be appointed Attorney for <u>Neira, Jonathan</u>.

9. That an Order to Show Cause is requested herein for the purpose of assuring prompt and expeditious consideration of this proceeding, returnable before this Court at the earliest possible date.

10. No previous application has been made for the relief sought herein.

PETITION - Pg. 3
Patient: **Neira, Jonathan**

WHEREFORE, the Petitioner prays:

1. That the annexed Order to Show Cause be signed by this Court.

2. That the Mental Hygiene Legal Service be appointed Attorney to represent the interest of the said patient.

3. That an Order of the Court be granted to permit involuntary treatment of this patient, included but not limited to administration of medication as prescribed by the treating physician.

4. That the Petitioner have such other and further relief as to the Court may be deemed just and proper.

Dated: 12/2/2021

Michal Kunz, M.D.
Director of Clinical Services
Kirby Forensic Psychiatric Center

PETITION - Pg. 4
Patient: **Neira, Jonathan**

STATE OF NEW YORK
COUNTY OF NEW YORK

Michal Kunz, M.D. being duly sworn deposes and says:

That he is the Director of Clinical Services of the Kirby Forensic Psychiatric Center; that he has read the foregoing Petition and knows the contents of thereof and that the same is true to his knowledge, except as to matters therein stated to be on information and belief, and as to those matters, he believes it to be true.

_____
Michal Kunz, M.D.
Director of Clinical Services
Kirby Forensic Psychiatric Center

Sworn to before me this

_02_ day of _December_, 2021

_____
Notary Public

YOLANDA TARVER
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Bronx County
01TA6113882
MY COMMISSION EXPIRES 08-02-20

KFPC-38
SUPREME COURT
NEW YORK COUNTY

| IN THE MATTER OF THE APPLICATION OF Michal Kunz, M.D., Director of Clinical Service of Kirby Forensic Psychiatric Center, of an Order Authorizing the Involuntary Treatment of **Neira, Jonathan** at Kirby Forensic Psychiatric Center | AFFIDAVIT IN SUPPORT OF APPLICATION TO TREAT OVER OBJECTION; PATIENT BELIEVED TO LACK CAPACITY TO MAKE REASONED DECISION CONCERNING MEDICATION |
|---|---|

STATE OF NEW YORK
COUNTY OF NEW YORK

**Sidiki Dabo, M.D.**, being duly sworn, deposes and says:
Physician's Name

1. I am a physician duly licensed to practice in the State of New York.

2. I submit this affidavit in support of an application of Michal Kunz, M.D., Director of Clinical Services to treat said patient over his objection.

3. I am familiar with the said patient, in that

    /x/ I am his treating physician.

    / / I have reviewed the decision of his physician to treat over his objection by reviewing his medical records and by interviewing the patient.

4. It is my opinion and belief that said patient is not competent to make reasoned decisions concerning his treatment. The basis of this opinion is described in the attached "Evaluation for Treatment Over Objection" appended hereto and incorporated herein by reference.

5. It is my opinion that it would be in the best interests of the patient to be treated according to the proposed treatment outlined in the attached "Evaluation for Treatment Over Objection".

AFFIDAVIT IN SUPPORT OF APPLICATION
TO TREAT OVER OBJECTION - Pg. 2

Patient: **Neira, Jonathan**

6. For the above stated reasons, I respectfully request this Court grant the application for authorization of treatment of said patient.

**Sidiki Dabo, M.D.**
Physician's Name

*[signature]*
Physician's Signature

Sworn to before me this

__01__ day of __December__, 2021

*[signature: Yolanda Tarver]*
Notary Public

*[Notary seal: YOLANDA TARVER, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Bronx County, 01TA6113682, MY COMMISSION EXPIRES 08-02-20__]*

KFPC-38
SUPREME COURT
NEW YORK COUNTY

| IN THE MATTER OF THE APPLICATION OF Michal Kunz, M.D., Director of Clinical Service of Kirby Forensic Psychiatric Center, of an Order Authorizing the Involuntary Treatment of **Neira, Jonathan** at Kirby Forensic Psychiatric Center | AFFIDAVIT IN SUPPORT OF APPLICATION TO TREAT OVER OBJECTION: PATIENT BELIEVED TO LACK CAPACITY TO MAKE REASONED DECISION CONCERNING MEDICATION |
|---|---|

STATE OF NEW YORK
COUNTY OF NEW YORK

  **Jennifer Zhu, M.D.**, being duly sworn, deposes and says:
  Physician's Name

1. I am a physician duly licensed to practice in the State of New York.

2. I submit this affidavit in support of an application of Michal Kunz, M.D., Director of Clinical Services to treat said patient over his objection.

3. I am familiar with the said patient, in that

   / / I am his treating physician.

   /x/ I have reviewed the decision of his physician to treat over his objection by reviewing his medical records and by interviewing the patient.

4. It is my opinion and belief that said patient is not competent to make reasoned decisions concerning his treatment. The basis of this opinion is described in the attached "Evaluation for Treatment Over Objection" appended hereto and incorporated herein by reference.

5. It is my opinion that it would be in the best interests of the patient to be treated according to the proposed treatment outlined in the attached "Evaluation for Treatment Over Objection".

AFFIDAVIT IN SUPPORT OF APPLICATION
TO TREAT OVER OBJECTION - Pg. 2

Patient: **Neira, Jonathan**

6.     For the above stated reasons, I respectfully request this Court grant the application for authorization of treatment of said patient.

**Jennifer Zhu, M.D.**
Physician's Name

*(signature)*
Physician's Signature

Sworn to before me this

_01_ day of _December_, 2021

*(signature)*
Notary Public

*[Notary Seal: YOLANDA TARVER, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Bronx County, 01TA6113682, MY COMMISSION EXPIRES 08-02-20__]*

KFPC-43
STATE OF NEW YORK

| SUPREME COURT COUNTY OF NEW YORK | AT THE EX-PARTE MOTION TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK HELD IN AND FOR THE COUNTY OF NEW YORK AT COURTHOUSE WARD'S ISLAND, NEW YORK, NY 10035 |
|---|---|

THE MATTER OF THE APPLICATION                                  Date:

Michal Kunz, M.D., Director of Clinical Services                **FINAL ORDER**

of the Kirby Forensic Psychiatric Center for an
                                                                Index No.
Order Authorizing the Involuntary Treatment

of <u>**Neira, Jonathan**</u> at Kirby Forensic Psychiatric Center
*********************************************************************

On reading and filing the Petition of Michal Kunz, M.D., dated <u>09/21/2021</u> and the supporting Affidavits of Drs. **<u>Sidiki Dabo</u>**, and **<u>Jennifer Zhu</u>**; and the Medical Evaluations of Drs. **<u>Sidiki Dabo</u>** and **<u>Jennifer Zhu</u>**; after hearing Erin Kandel, Esq. of counsel for the Petitioner and _____ in support of the Petition and _____, attorney for the patient in opposition thereto, and due deliberation having been had,

NOW, on the Petition of Michal Kunz, M.D., it is

ORDERED that the Petition be and the same is hereby granted and, it is further

ORDERED that said patient shall be treated over his objection and such treatment shall include:

**Course of treatment recommended by treating physician:**
**Proposed Treatments:**
Antipsychotic medication: Risperidone up to 12 mg daily by mouth, Ziprasidone up to 20 mg intramuscular for each oral dose refused, and Paliperidone-Sustenna up to 234 mg intramuscular depot every four weeks if the patient repeatedly refuses to comply with oral medication.
Phlebotomy for monitoring of treatment.

FINAL ORDER - pg. 2

Patient: **Neira, Jonathan**

<u>Reasonable alternatives, in the event of side effects, non-compliance, or inefficacy:</u>
Antipsychotic medication: Risperidone-Consta up to 75 mg intramuscular depot every two weeks if the patient repeatedly refuses to comply with oral medication; or Ziprasidone up to 160 mg daily by mouth, and up to 20 mg intramuscular for each oral dose refused; or Quetiapine up to 1200 mg daily by mouth, Ziprasidone up to 20 mg intramuscular for each oral dose refused; or Haloperidol up to 30 mg daily by mouth, and up to 10 mg intramuscular for each oral dose refused, and decanoate up to 450 mg intramuscular depot every four weeks if the patient repeatedly refuses to comply with oral medication; or Fluphenazine up to 30 mg daily by mouth, and up to 10 mg intramuscular for each oral dose refused, and decanoate up to 75 mg intramuscular depot every two weeks if the patient repeatedly refuses to comply with oral medication.

Mood stabilizer: Valproic acid up to 4000 mg daily by mouth (for a serum level of 75-150), to augment antipsychotic medication, and phlebotomy to check serum levels and other lab values as frequently as weekly during dose adjustments, then monthly.

Clonazepam up to 4 mg daily by mouth.

And all necessary medications to counteract possible side effects and laboratory tests to monitor efficacy of medications, and treatment plan formulated by **Sidiki Dabo**, M.D., and **Jennifer Zhu**, M.D., patient's treating physicians at Kirby Forensic Psychiatric Center, and it is further

    ORDERED that this Order is valid for 6 months at which time a new administrative procedure is necessary in order to continue to treat said patient over objection.

Dated: _____ / _____ /2021

                     _____
                     JUSTICE OF THE SUPREME COURT

# Kirby Forensic Psychiatric Center
**Treatment Team Referral to Forensic Services**
For Treatment over Objection

| Name | Neira, Jonathan | C# | 704652 |
|---|---|---|---|
| DOB | 1/12/1988 | Ward | ~~other~~ 9A |

## Indicate reason(s) for requesting court order:

- ☒ Refusing psychotropic medication
- ☐ Cheeking or covertly noncompliant
- ☐ Refusing necessary dose adjustment
- ☐ Accepting only certain medications
- ☐ Unable to give informed consent
- ☐ TOO order due to expire
- ☐ In need of ECT
- ☐ Other: Click here to enter text.

*Note: Use SDMC forms for non-psychiatric treatment*

**Legal Status:** CPL 730.50

**Language:** no translator needed

**Primary Psychiatric Diagnosis:**

Bipolar Disorder

**Patient's reason for refusing:**

"I don't take psych medications, period."

**Treatment refused since:** 9/22/2021

**Current Medications, Doses and Levels:**
Risperidone 1 mg by mouth twice daily
Clonazepam 0.5 mg by mouth twice daily
Diphenhydramine 50 mg by mouth at bedtime

## Proposed Treatment:

- ☒ Oral antipsychotic: risperidone
- ☒ IM alternative: ziprasidone
- ☒ Depot alternative: Sustenna (paliperidone)
- ☒ Augmentation with: valproic acid
- ☐ ECT
- ☒ Other:

## Reasonable Alternatives: *(select as needed)*

- ☒ ziprasidone
- ☐ chlorpromazine
- ☒ haloperidol decanoate
- ☒ fluphenazine decanoate
- ☒ risperidone-Consta
- ☒ Other: Clonazepam
- ☒ valproic acid
- ☒ quetiapine
- ☐
- ☒ lorazepam
- ☒ risperidone

☐ See progress note dated 11/26/2021 for my discussion with the patient of risks and benefits of treatment, and his/her response.

☐ The patient was given notice of this referral on 11/26/2021

**MD Signature:**
*[signature]*

Name: Sidiki Dabo, MD

Date: 11/26/2021

# KIRBY FORENSIC PSYCHIATRIC CENTER
## CAPACITY TO GIVE OR WITHHOLD CONSENT FOR TREATMENT

Name: **Neira, Jonathan**
C#: 704652
Date of Birth: 1/12/1988
Date of Evaluation: 12/1/2021

PROTECTED HEALTH INFORMATION
This information has been disclosed to you from confidential records which are protected by Section 33.13 of the Mental Hygiene Law. This statute prohibits you from making any further disclosure of this information unless specifically permitted by law.

I was asked to evaluate Mr. Neira for his capacity to refuse psychotropic medication. I reviewed his chart and the referral by Dr. Dabo. I also met with the patient today, accompanied by an MHLS attorney. I informed the patient of the purpose of the evaluation and limits of confidentiality. At the end of the evaluation, I informed him of my opinion.

**Relevant History**:
*The psychiatric history is partly taken from a prior Kirby report dated 11/5/2021 by Dr. Koch and updated for the purposes of this report.*

Mr. Jonathan Neira is a 33-year-old man admitted to Kirby on 9/22/2021 pursuant to CPL 730.40 for restoration of fitness on charges of Attempted Robbery 1 and related offenses.

Mr. Neira was born in Ecuador and came to the United States around age 11. He reported earning his GED while in a juvenile facility. He reported working in catering, retail, construction, and graphic design. He reported a history of substance use including marijuana, cocaine, and alcohol use starting around age 18.

In 2011, Mr. Neira sustained a gunshot wound to the head, resulting in cortical blindness (he is legally blind) and was prescribed the anticonvulsant levetiracetam to prevent seizures. He initially experienced some memory problems after the injury, which later improved, and now only experiences pain for which he has sought treatment over the last decade. He was treated by a neurosurgeon Dr. Robert Holtzman after the 2011 injury and at some point returned to him seeking the opioid oxycodone and benzodiazepine alprazolam to treat his pain. Dr. Holtzman informed Mr. Neira that he could not prescribe him narcotic medications and referred him to pain management specialists. Dr. Holtzman indicated to the court clinic evaluators that he did not observe any symptoms of psychosis.

Mr. Neira reported one prior psychiatric history at "South Nassau" hospital in 2020 after he thought "people were following me" and argued with his mother "who thought I was hallucinating." During this interview, he describes what appear to be persecutory delusions that he was being followed by people in different "agencies" who were targeting him because of his work in the finance field. He reported a 45-day hospitalization and previously stated that he was "unlawfully" treated with medication. During this interview, he states that he willingly accepted medication but does not know the name.

1

102 RIVERS EDGE ROAD
[W]ARDS ISLAND, NY 10035
JONATHAN NEIRA
DOC: 9462

CLERK OF U.S. DISTRICT COURT, EDNY
100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

NEOPOST
05/09/2022
US POSTAGE $001.13
FIRST-CLASS MA[IL]
ZIP 10035
041M1146459