UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JONATHAN WILLIAM NEIRA MARQUEZ,

                         Plaintiff,

           -against-

KIRBY FORENSIC PSYCHIATRIC CENTER, et al.,

                      Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-2116 (JMA) (LGD)

FILED
CLERK

7/5/2022 10:25 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Pro se plaintiff Jonathan William Neira Marquez filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") while detained at the Kirby Forensic Psychiatric Center complaining about his confinement and treatment at that facility. (See Compl., ECF No. 1.) For the following reasons, this action is transferred to the United States District Court for the Southern District of New York.

      The general venue statute, 28 U.S.C. § 1391, governs venue in a Section 1983 action. See Pisani v. Diener, No. 07-CV-5118, 2009 WL 749893, at *7 (E.D.N.Y. Mar. 17, 2009). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Plaintiff seeks relief based on actions alleged to have occurred exclusively in New York County at the Kirby Forensic Psychiatric Center. (See Compl. at 3–6.) New York County is within the Southern District of New York, see 28 U.S.C. § 112(b), and there does not appear to be

any connection between Plaintiff's suit and the Eastern District of New York.  Therefore, under 28 U.S.C. § 1391(b)(2), venue is proper not in this District but instead in the Southern District of New York.

When venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  Rather than dismiss the Complaint for improper venue, the Court, in the interest of justice, transfers this action to the Southern District of New York, where it could have been brought.  See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."); see also Luis v. Medley, Inc., No. 22-CV-02260, 2022 WL 1204617, at *1 (S.D.N.Y. Apr. 22, 2022) ("When a plaintiff's choice of venue is improper, a district court may sua sponte transfer the case.") (citation omitted).  The determination of Plaintiff's motion to proceed in forma pauperis is reserved for the transferee court.

Accordingly, the Clerk of the Court is directed to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).  The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff and to mark this case closed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of Plaintiff's appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:        July 5, 2022
              Central Islip, New York                    _____/s/ (JMA)_____
                                                         JOAN M. AZRACK
                                                         UNITED STATES DISTRICT JUDGE